```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION
```

UNITED STATES OF AMERICA

v.                           CRIMINAL NO. 3:18-CR-159-DCB-FKB-001

EVELYN MICHELLE HERNANDEZ


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on Petitioner Evelyn Michelle Hernandez ("Petitioner")'s "Second Petition and Memorandum in Support of Petition For Relief Under the First Step Act" [ECF No. 76] (the "Petition").  Petitioner, who was sentenced for conspiracy to possess with intent to distribute methamphetamine and heroin, seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), often referred to as the compassionate release statute.  The Government responded in opposition to the Petition, [ECF No. 81], and submitted Petitioner's prison medical records under the Court's restricted access order. [ECF Nos. 83 & 85].  Petitioner replied, [ECF No. 94], and also submitted her prison medical records as a restricted access document.  [ECF Nos. 96 & 98].  Having reviewed the Petition, the parties' submissions, and applicable law, the Court finds

1

that the Petition must be denied.

## DISCUSSION

### I.

### Exhaustion of Administrative Remedies

Title 18 U.S.C. § 3582(c)(1)(A) authorizes a district court to grant a reduction of sentence upon motion by the Director of the Bureau of Prisons ("BOP") or upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]

---

[1] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii) provides in full:

**1)** in any case--
**(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
**(i)** extraordinary and compelling reasons warrant such a reduction; or
**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant

The Government argues that the Petition should be dismissed because Petitioner failed to exhaust her administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A).  [ECF No. 81] at 1; See United States v. Franco, 973 F.3d 465, 467 (5th Cir. 2020) (exhaustion is not jurisdictional but it is mandatory). Petitioner disputes that claim and, in support, has submitted a denial letter from the warden at FCI Aliceville.  [ECF No. 94] at 2-3; [ECF No. 94-1].[2]  However, the Court need not resolve the parties' dispute over exhaustion of administrative remedies because this case is easily resolved on the merits.  United States v. Jefferson, 831 F. App'x 685, 686 (5th Cir. 2020) (per curiam) (on appeal of the district court's denial of prisoner's motion for compassionate release, panel held that it need not

---

is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i)-(ii) (West).

[2] Warden C. Garrett of FCI Aliceville wrote:

… Currently, you do not meet the criteria for Compassionate Release based on your medical condition. A review of your recent medical summary reflects you have been diagnosed with gastric reflux.  Although you have this condition, it is being successfully managed and does not prevent you from performing your activities of daily living. …

[ECF No. 94-1].

determine whether the prisoner had exhausted his administrative remedies because the case was easily resolved on the merits).

II.

Analysis on the Merits

"Generally, it is the defendant's burden to demonstrate that he satisfies the requirements for compassionate release." United States v. Whirl, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020); see also United States v. Tamayo, No. 3:05-cr-313-M-1, 2022 U.S. Dist. LEXIS 67228, *6, 2022 WL 1096580 (N.D. Tex. March 14, 2022) ("A defendant bears the burden of demonstrating he is entitled to compassionate release."). When ruling on sentence reduction motions made directly by an inmate, which is the case here, the Fifth Circuit previously instructed that a district court only may modify or reduce the petitioner's term of imprisonment if it finds that (i) "extraordinary and compelling reasons" warrant a reduction, and (ii) the applicable sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of early release.  18 U.S.C. § 3582(c)(1)(A); United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021).  The panel in Shkambi concluded that neither the United States Sentencing Commission's compassionate release policy statement nor its commentary was binding on district courts in such cases. Shkambi, 993 F.3d at 391-93 (attempts at consistency with the Commission's policy statements were "illusory").

4

While acknowledging the Fifth Circuit's holding in Shkambi, Petitioner maintains that district courts now also must consider the United States Sentencing Commission's amended Policy Statement at U.S.S.G. § 1B1.13, which became effective in November 2023 – after the Fifth Circuit's decision in Shkambi. Among other things, the amended Policy Statement clarifies that it applies to sentence reduction motions made by both the BOP and inmates.  U.S.S.G. § 1B1.13(a);[3] see United States of

---

[3] The United States Sentencing Commission's amended Policy Statement provides in pertinent part:

**§ 1B1.13. Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**

**(a) In General.**--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
**(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
**(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
**(3)** The reduction is consistent with this policy statement.
**(b) Extraordinary and Compelling Reasons.**--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
**(1) Medical Circumstances of the Defendant.**--
**(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A

America v. Winfred Earl Ware, Jr., No. 9:18-CR-43, 2025 WL 1235777, at *3 (E.D. Tex. Apr. 28, 2025) ("Effective November 1, 2023, the Commission—responding to, among other things, the [First Step Act]—amended the Guidelines to extend the applicability of the policy statement set forth in U.S.S.G. § 1B1.13 to defendant-filed motions and to broaden the scope of what qualifies as 'extraordinary and compelling' reasons potentially warranting compassionate release."). Petitioner further calls attention to the Commission's expanded list of medical circumstances that constitute extraordinary and compelling reasons for early release, including: "The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without

---

specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
**(B)** The defendant is--
**(i)** suffering from a serious physical or medical condition,
**(ii)** suffering from a serious functional or cognitive impairment, or
**(iii)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. 1B1.13

which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Petitioner is correct that the Fifth Circuit's directive to district courts in <u>Shkambi</u> regarding the proper review of sentence reduction motions made directly by an inmate has changed in the light of the Sentencing Commission's amendments to its Policy Statement at U.S.S.G. § 1B1.13. Currently, the Fifth Circuit instructs:

> … a prisoner seeking compassionate release must show it is justified by "extraordinary and compelling reasons". *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022) (citation omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Moreover, the reduction must comport with **"applicable policy statements issued by the Sentencing Commission"**. *Id.* "If the district court makes those two findings, then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in [§] 3553(a) to the extent that they are applicable.'" *Ward*, 11 F.4th at 360 (quoting § 3582(c)(1)(A)). "The district court has discretion to deny compassionate release if the [§] 3553(a) factors counsel against a reduction." *Id.*

<u>United States v. Smith</u>, No. 24-50532, 2025 WL 737333, at *1 (5th Cir. Mar. 7, 2025) (emphasis in the original). The Court appreciates Petitioner's detailed recitation of the chronology of Fifth Circuit precedent and the sentencing guideline amendments as set forth in her reply brief, which chronology and citations the Court has considered in reaching its decision.

7

A.  Extraordinary and Compelling Reasons.

Petitioner asks the Court to reduce her sentence to the time she already served based on what she describes as "serious, life-threatening health issues", which she believes qualify as "extraordinary and compelling reasons" for compassionate release under Section 3582(c)(1)(A). E.g., [ECF No. 94] at 2-3.  Specifically, Petitioner identifies her chronic gastro-esophageal reflux condition (also known as "GERD") as grounds for early release.  She attributes her current condition to a pre-incarceration gastric stapling procedure performed on her in the 1980s for weight loss.  [ECF No. 94] at 1; [ECF No. 98] at 329 (restricted exhibit).  She also expresses concerns about the possibility of infection from COVID-19 and its variants, [ECF No. 77] at 2; [ECF No. 94] at 2, and alleges that the BOP has failed to provide her with adequate treatment for these medical issues.  [ECF No. 94] at 1-2.  Having considered these conditions, their consequences, and other hardships described by Petitioner in her submissions, the Court is not persuaded that extraordinary and compelling reasons for compassionate release under Section 3582(c)(1)(A) exist in this case.

Petitioner has not cited, and the Court has not found, any opinion from the Fifth Circuit Court of Appeals or a district

8

court in the Fifth Circuit that found gastro-esophageal reflux or GERD to be grounds for granting early release.  To the contrary, courts in our circuit have not found GERD, even when combined with a list of other medical conditions, to qualify as an extraordinary and compelling reason that merits a sentence reduction.  United States v. Hardy, No. 3:03-CR-68-HTW-LGI, 2023 WL 4919667, at *9 (S.D. Miss. Aug. 1, 2023), aff'd, No. 23-60428, 2024 WL 4371124 (5th Cir. Oct. 2, 2024) (denying compassionate release for petitioner with multiple medical conditions including gastroesophageal reflux disease); United States v. Frazier, No. 3:19-CR-79-CWR-LGI-1, 2021 WL 1667222, at *1-2 (S.D. Miss. Apr. 28, 2021) (denying motion for compassionate release where underlying health conditions included gastroesophageal reflux disease among others); United States v. Barnes, No. 3:13-CR-38-DCB-LRA, 2020 WL 5437738, at *2 (S.D. Miss. Sept. 10, 2020), aff'd, 832 F. App'x 343 (5th Cir. 2020) (compassionate release motion denied for multiple reasons in case where inmate had various medical conditions, including esophageal reflux); United States v. Gowdy, No. 3:08-CR-167-TSL-FKB, 2020 WL 7706235, at *2 (S.D. Miss. Aug. 25, 2020), aff'd, 832 F. App'x 325 (5th Cir. 2020) (court was not persuaded that GERD and other factors identified by defendant, either individually or cumulatively, amounted to extraordinary circumstances that warranted a reduction in his sentence);

United States v. Chia Jean Lee, No. 4:17-CR-9, 2020 WL 3051055, at *2-4 (E.D. Tex. June 5, 2020) (holding that a prisoner who suffered numerous medical conditions, including gastroesophageal reflux disease, failed to establish a qualifying medical condition that constituted the extraordinary and compelling reasons necessary for compassionate release). In addition, the parties have not cited to any court case or information from the Centers for Disease Control and Prevention that demonstrates an increased risk for contracting COVID-19 in persons with gastro-esophageal reflux.  E.g., Gowdy, 2020 WL 7706235, at *2 ("Moreover, the CDC has not identified GERD as even potentially causing an increased risk for severe COVID-19 illness … ."); see [ECF No. 81] at 5.

Regarding Petitioner's concerns of possible COVID infection, an increasing number of district courts in the Fifth Circuit have noted that "both international and domestic health authorities, including the World Health Organization, the United States Centers for Disease Control and Prevention, and the U.S. Federal Government, have made clear that the COVID-19 pandemic has ended." United States of America v. Rachel Lynn Dozier, No. 4:14CR108.3, 2025 WL 1237545, at *4 (E.D. Tex. Apr. 29, 2025) (footnotes omitted); accord United States v. Harden, No. 4:11-CR-127-SDJ, 2025 WL 562716, at *4 (E.D. Tex. Feb. 20, 2025).  While Petitioner concedes in her reply brief that

10

"incidents of COVID have significantly decreased," she continues to argue that her medical condition coupled with her fears of a future COVID infection, and the potential for consequences such as "a quarantine due to COVID [that] would seriously curtail or eliminate her ability to access to the commissary" entitle her to a reduced sentence. [ECF 94] at 11-12. They do not. See, e.g., United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release.").

Finally, the Court is not persuaded that the BOP has failed to provide Petitioner with adequate medical treatment in accordance with the Sentencing Commission's amended Policy Statement as Petitioner has alleged. [ECF No. 94] at 1-2; U.S.S.G. § 1B1.13(b)(1)(C). To the contrary, the Court agrees with the government that the many pages of BOP medical records in evidence demonstrate that Petitioner has received on-going medical care to treat her gastro-esophageal reflux condition, including special diets, medication, and other treatments. [ECF No. 81] at 6; [ECF No. 85] (restricted). This record, including the letter from Warden Garrett of the Aliceville facility which Petitioner submitted, shows that Petitioner's medical condition is being managed and that she can perform daily living activities within the correctional facility environment. See note 2 above and [ECF No. 94-1]; see also

11

note 4 above and U.S.S.G. § 1B1.13(b)(1)(B)(iii).

In sum, the Court finds no extraordinary and compelling reason on this record that would justify the requested release under 18 U.S.C. § 3582(c)(1)(A).

B. <u>Section 3553(a) Factors</u>.

A reduction in sentence must be consistent with the applicable Section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); <u>United States v. Rios</u>, No. 21-10371, 2022 WL 4355146, at *1 (5th Cir. Sept. 20, 2022); <u>Shkambi</u>, 993 F.3d at 393; <u>United States v. Chambliss</u>, 948 F.3d 691, 694 (5th Cir. 2020). The applicable Section 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

This Court (i) conducted Petitioner's change of plea hearing on August 1, 2019 (<u>see</u> Minute Entry (08/01/19) and her sentencing hearing on November 19, 2019 (<u>see</u> Minute Entry

12

11/19/19), (ii) issued a detailed (and restricted) Statement of Reasons for her sentence [ECF No. 60], and (iii) rendered judgment as to Petitioner on December 6, 2019.  [ECF No. 61]. The Court is therefore uniquely positioned and well-aware of the nature and seriousness of Petitioner's underlying drug conspiracy crime, the weight of the evidence against Petitioner, and her extensive criminal history and characteristics.  See Rios, 2022 WL 4355146, at *1 (Fifth Circuit affirmed district court's denial of compassionate release and noted that the same district court judge who denied the motion for compassionate release originally sentenced the defendant); United States v. Guston, No. 312-CR-116-CWR-FKB-3, 2021 WL 149018, at *5 (S.D. Miss. Jan. 15, 2021) ("Because this Court sentenced [Guston], the Court is intimately familiar with how these [Section 3553(a)] factors apply to his circumstances.").

Petitioner argues that early release would be consistent with the factors that the Court must consider under Section 3553(a).  [ECF No. 94] at 12-15.  In support, she asks the Court to consider that: her conviction was for a nonviolent crime, she is over 60 years old, her recidivism risk level is low, she has completed rehabilitative programs and classes while incarcerated, she has served half of her sentence, and she has a post-release plan in place.  Id.  While Petitioner's

13

completion of educational courses and treatment programs is encouraging, it is the Court's opinion that, on this record, a reduction of Petitioner's sentence would not respect the need for the sentence to (i) reflect the seriousness of the offense, (ii) promote respect for the law, (iii) provide just punishment for the offense; (iv) deter criminal conduct, and (vi) protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a); see United States v. Rogers, No. 1:09CR100-LG-RHW-1, 2020 WL 3423423, at *1 (S.D. Miss. June 22, 2020) (Section 3553(a) factors did not justify compassionate release where defendant argued that she had made tremendous strides towards rehabilitation, including her completion of various classes). The Court finds that the sentencing factors in 18 U.S.C. § 3553(a) weigh strongly in favor of Petitioner's incarceration for the remainder of her sentence.

## CONCLUSION

For all the reasons stated herein, the Court concludes that there are no extraordinary and compelling reasons and no factors under Section 3553(a) that would warrant a reduction of Petitioner's sentence under 18 U.S.C. § 3582(c)(1)(A).  The Court has considered all arguments presented by counsel in their submissions.  Any argument not expressly addressed in this Memorandum Opinion and Order would not change the outcome.

14

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Second Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 76] is DENIED.

SO ORDERED, this the 12th day of May 2025.

                                    _David C. Bramlette_
                               UNITED STATES DISTRICT COURT JUDGE